IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENYETTA DORSETT,<br><br>  Plaintiff,<br><br>v.<br><br>NEGRIL RESTAURANT ATL, LLC,<br><br>  Defendant. | CIVIL ACTION FILE NO.<br><br>1:23-cv-4255-MHC-JKL |

## **NON-FINAL REPORT AND RECOMMENDATION**

This action is before the Court on non-party Country Mutual Insurance Company's ("Country") Motion to Intervene and Motion to Stay. [Docs. 13, 14.] Country moves to intervene for the limited purpose of obtaining a stay until a related, pending insurance coverage declaratory judgment action is resolved. [Doc. 13 at 1.] Plaintiff and Defendant oppose the motions. [*See* Docs. 17, 18.] For the reasons that follow, it is **RECOMMENDED** that Country's motions be **DENIED**.[1]

---

[1] A magistrate judge must issue a report and recommendation on a motion that is dispositive of a claim, party, or defense. 28 U.S.C. § 636(b). But for nondispositive matters, the magistrate judge may issue an order, objections to which are reviewed under the clearly erroneous or contrary to law standard. *Id*. The Eleventh Circuit has not considered whether a motion to intervene is case-dispositive. But in *Day v. Persels & Assocs., LLC*, the Eleventh Circuit observed that "the practice in at least some district courts in our Circuit has been for a

I.  **BACKGROUND**

In July 2022, Country issued to Defendant Negril Restaurant ATL, LLC, a Business Owners Policy of insurance (the "Policy") for a policy period of August 9, 2022 to August 9, 2023.  [Doc. 13-2 at 2.]  The Policy provided, subject to its terms and conditions, coverage for building and business personal property, optional spoilage coverage, and eroding coverage for bodily injury to Defendant.  [Doc. 13-1 ¶¶ 10-11.]

---

magistrate judge to draft a report and recommendation for the district court when a motion to intervene is filed because a motion to intervene is a dispositive motion which must ultimately be decided by an Article III judge in the absence of consent." 729 F.3d 1309, 1322 (11th Cir. 2013) (internal quotation marks omitted).  The court also noted the "general view of the federal courts" is that in cases where the parties have consented to jurisdiction by a magistrate judge and a third-party seeks to intervene, the motion to intervene should be resolved through a report and recommendation absent consent by the intervenor.  *Id.* (citations omitted).  Here, none of Plaintiff, Defendant, or Country have consented to having a magistrate judge finally resolve the matter.  Thus, out of an abundance of caution, the undersigned resolves the motion to intervene and motion to stay via report and recommendation.  *See Hill v. Duscio*, No. 1:16-CV-4767-ELR-CCB, 2020 WL 11192698, at *2 (N.D. Ga. Oct. 6, 2020) (treating motion to intervene as dispositive and resolving motion by report and recommendation), *report and recommendation adopted*, 2020 WL 11192842 (N.D. Ga. Oct. 28, 2020); *see also EEOC v. Exel Inc.*, No. 1:10-CV-3132-SCJ-ECS, 2011 WL 13122357, at *1 n.1 (N.D. Ga. Apr. 25, 2011) ("[A] motion to intervene is a dispositive motion which must ultimately be decided by an Article III judge in the absence of consent.") (citations omitted), *report and recommendation adopted*, 2011 WL 13122356 (N.D. Ga. May 17, 2011).

In September 2023, Plaintiff Kenyetta Dorsett filed the underlying employment discrimination action in this case, alleging that Defendant violated her rights under 42 U.S.C. § 1981 of the Civil Rights Act of 1991 ("Section 1981") and Title VII of the Civil Rights Act of 1964 ("Title VII"). [*See* Docs. 1, 5.] Plaintiff alleges discriminatory acts during the relevant policy period. [*See* Doc. 5 at 4-9.]

When Plaintiff filed her complaint, Defendant tendered the lawsuit to Country for a defense. [Doc. 13-2 at 2.] Country assumed the defense of Defendant under a reservation of rights. [*Id.*] On December 7, 2023, Country filed a separate complaint for declaratory judgment before this Court, seeking a declaration of its rights under the Policy as to the parties in this action. *See Country Mutual Insurance Company v. Negril Restaurant ATL, LLC,* No. 23-cv-5611-MHC (N.D. Ga. Dec. 7, 2023). That declaratory judgment action is currently pending. In that action, Country seeks a declaration that it does not owe a duty to provide coverage, indemnity, or a defense to the parties in the Dorsett's lawsuit in connection with any of the employment discrimination claims brought by her. [*See id.*, Dkt. 1.]

Now, Country moves to intervene in the current action, arguing that it should be allowed to intervene as a matter of right or under the Court's discretionary authority. [*See* Doc. 13-2.] In turn, it moves for the action to be stayed until its

pending insurance coverage declaratory judgment is decided by this Court. [Doc. 14.]

## II.     DISCUSSION

### A.     Motion to Intervene[2]

Federal Rule of Civil Procedure 24 provides two routes for intervention—as a matter of right or as a matter of permission. Fed. R. Civ. P. 24. The Court takes up each in turn.

#### 1.     Intervention as of Right

Rule 24(a) requires the Court to permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The proposed intervenor's interest must be "direct, substantial, and legally protectable," which is "something more than an economic interest." *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*,

---

[2] In its reply, Country argues that the Court should consider its motion to intervene unopposed because neither Plaintiff nor Defendant adequately addressed its intervention arguments. [Doc. 19 at 2-3.] The undersigned disagrees. Plaintiff, in particular, specifically opposes Country's motion to intervene because it was brought for the limited purpose of seeking a stay and the motion to stay should be denied as it would be prejudicial to the parties. [*See* Doc. 17 at 10.]

425 F.3d 1308, 1311 (11th Cir. 2005) (internal quotations omitted). "By definition, an interest is not direct when it is contingent on the outcome of a subsequent lawsuit." *Ross v. Marshall*, 456 F.3d 442, 443 (5th Cir. 2006).

Here, Country argues that it has a legally protectable interest in the current action because of its obligation, and corresponding financial burden, to defend Defendant until a decision is made in the pending declaratory judgment action.³ [*See* Doc. 13-2 at 6-7.]  The Court disagrees.  Instead, Country's interest is "contingent and strictly economic," which is insufficient to satisfy the requirements of Rule 24(a)(2) intervention.  *See Sanchez v. Clark*, No. CV 308-054, 2008 WL 11422525, at *3 (S.D. Ga. Nov. 18, 2008); *see also Mt. Hawley Ins. Co.*, 425 F.3d at 1311.  Simply put, Country's interest in minimizing its insured liability, and its corresponding legal fees, is not "sufficiently *direct* to permit intervention as of right

---

³ Country cites to *Briggs & Stratton Corp. v. Concrete Sales & Services, Inc.*, 166 F.R.D. 43, 46 (M.D. Ga. 1996) and, in turn, *Richmond v. Georgia Farm Bureau Mutual Insurance Company*, 140 Ga. App. 215 (1976) in support of its argument that it has a legally protectable interest in the current proceeding. [*See* Doc. 13-2 at 6-7.]  Neither of these cases bind this Court, nor are they persuasive for purposes of the present motion.  First, the "right to intervene in a civil action is governed by federal law," not state law.  *See Sanchez*, 2008 WL 11422525, at *3.  Second, *Richmond* did not involve intervention—the insurance company was already a party to the suit.  Finally, as Country cites in its brief, *Richmond* involved a situation "where the insured refuses to consent to a defense under a reservation of rights." [*See* Doc. 13-2 at 6-7.]  Here, nothing indicates that Defendant has refused to consent to a defense by Country under a complete reservation of rights.

when it is defending under reservation of rights." *Id.* at *2 (emphasis in original). Further, Country is not so situated that disposing of the action may impair or impede its ability to protect its interest because it is already proceeding under a complete reservation of rights and has moved for declaratory judgment, and thus, its interest in this action is already adequately protected. Accordingly, Country has failed to satisfy the requirements of Rule 24(a)(2) intervention.

### 2. Permissive Intervention

Rule 24(b) authorizes the Court to permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Court must consider whether permissive intervention will cause undue delay in the underlying action or prejudice the parties. Fed. R. Civ. P. 24(b)(3).

Here, Country has failed to state any facts or questions of law common to its declaratory judgment action and the instant case. Although Country contends that the Policy does not cover the damages claimed in this action, the Policy simply is not at issue in this litigation. Accordingly, these two proceedings do not overlap and can, and in fact should, exist on parallel tracks. Further, Country's intervention in order to stay the case would likely undue delay in what appears to be a garden-variety single plaintiff employment discrimination case that is typically assigned a

four-month discovery track. The Court sees no reason to allow such a case to become protracted by allowing Country to intervene. Accordingly, Country has failed to satisfy the requirements of Rule 24(b) intervention.[4]

In sum, Country's intervention is neither necessary nor warranted in this case, and thus, its Motion to Intervene [Doc. 13] should be **DENIED**.

### B.    Motion to Stay

Given the Court's denial of Country's Motion to Intervene, Country's Motion to Stay is, in turn, due to be denied. Further, as already discussed and as both Plaintiff and Defendant argue [Docs. 17, 18], a stay would unduly prejudice the parties as it would needlessly protract a single plaintiff employment discrimination case.[5] *See Tomco Equip. Co. v. Se. Agri-Sys., Inc.*, 542 F. Supp. 2d

---

[4] Notably, the Court has the discretion to deny intervention under Rule 24(b) even if its requirements are met. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989).

[5] Country argues that the lack of movement thus far in the discovery process belies the parties' concerns about a delay prejudicing them. [Doc. 19 at 4-6.] This argument is unfounded. It suggests that Plaintiff and Defendant bear the burden to show that a stay would prejudice them. In fact, it is Country's burden to establish the need for the stay, which it has failed to do. *See Simms v. Synchrony Bank*, No. 1:17-CV-0203-TCB-JSA, 2017 WL 3382072, at *1 (N.D. Ga. June 27, 2017) (explaining that the proponent of a stay bears the burden of establishing its need). Further, and more to the point, there has been no delay in the discovery process thus far, contrary to Country's suggestion. Defendant filed its answer to the amended complaint on January 31, 2024, which means that the discovery period

1303, 1307 (N.D. Ga. 2008) (explaining that, when deciding a motion to stay, courts generally consider whether a stay would unduly prejudice the nonmovants). In other words, it would be unfair to Plaintiff for this Court to put her case "on a back burner" while Country "seeks a declaratory judgment as to its duties under a contract it has made with someone else." *See Home Ins. Co. v. Coastal Lumber Co.*, 575 F. Supp. 1081, 1084 (N.D. Ga. 1983). In sum, the Court finds no persuasive reason to stay this case. Thus, the motion to stay should be **DENIED**.

### III.   CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Country's Motion to Intervene and Motion to Stay [Docs. 13, 14] be **DENIED**.

IT IS SO RECOMMENDED this 7th day of February, 2024.

_____
JOHN K. LARKINS III
United States Magistrate Judge

---

does not start until March 1, 2024, thirty days later. LR 26.2, NDGa. In other words, the discovery period has not even begun.